UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| THE INDEPENDENCE PROJECT, INC., A New Jersey Non Profit Corporation and DENNIS MAURER, Individually,<br><br>Plaintiffs,<br><br>vs.<br><br>EVERGREEN I ASSOCIATES, LLC a New Jersey Limited Liability Corporation,<br><br>Defendant. | Case No. 1:16-06133-JBS-AMD |

## DEFAULT FINAL JUDGMENT AGAINST DEFENDANT, EVERGREEN I ASSOCIATES, LLC

THIS CAUSE came before the Court on the Plaintiffs' Motion for Entry of Judgment After Default Against the Defendant, Evergreen I Associates, LLC, a New Jersey Limited Liability Company (Docket Item 9) pursuant to Rule 55(b), Fed. R. Civ. P.; and

The Court has reviewed the matters and Plaintiffs' allegation that Defendant is a place of public accommodation, operating in violation of Title III of the Americans With Disabilities Act, 42 U.S.C. 12181, et seq. and the New Jersey Law Against Discrimination. *See* N.J.S.A. § 10.5 *et seq*. It has also reviewed the Affidavit of Plaintiffs expert, Anthony Mattera, attesting to the violations at the Defendant's premises, which this Court credits regarding enumerated violations of the ADA and NJLAD.

Based on the foregoing, and having otherwise been advised in the premises,

IT IS, this ___**21st**___ day of **December, 2017**, hereby

**ORDERED AND ADJUDGED** as follows:

1. This Court has subject matter jurisdiction over the Parties and the subject matter of this action pursuant to 28 U.S.C. § 1331 and § 1343, for Plaintiffs' claims, based upon Defendant's violation of Title III of 42 U.S.C. § 12181 *et seq*. (the "Americans With Disabilities Act"), and supplemental jurisdiction over the Plaintiffs State law claim brought pursuant to the New Jersey Law Against Discrimination (N.J.S.A.) § 10.5, *et seq*. by virtue of 28 U.S.C. § 1367. The Court has personal jurisdiction over Defendant.

2. The Plaintiffs, The Independence Project, Inc. and Dennis Maurer's Motion for Entry of Judgment After Default be and the same is hereby GRANTED. Default was entered on January 5, 2017 against the Defendant, Evergreen I Associates, LLC pursuant to Rule 55(a), and default judgment is hereby entered in favor of Plaintiffs, The Independence Project, Inc. and Dennis Maurer and against Defendant Evergreen I Associates, LLC.

3. The Defendant, Evergreen I Associates, LLC are hereby ENJOINED to comply with all sections of the Americans With Disabilities Act, 42 U.S.C. § 12181, the Standards for Accessible Design ("2010 Standards"), as promulgated by the U.S. Department of Justice, 28 C.F.R. Chapter 1, Part 36, App. A, as specifically set forth in the Plaintiffs' Complaint and the Affidavit of Plaintiff's expert, Anthony Mattera of Access Consultants, LLC at the Evergreen Plaza located at 1710 Route 38, Lumberton, NJ 08048 in Burlington County, in the State of New Jersey, specifically consisting of the following conditions and remedial measures. The Defendant is hereby enjoined to remedy the following violations within ninety (90) days of the entry of this Judgment:

    A. **Parking and Exterior Accessible Route**

        (1) Parking throughout Evergreen Plaza is not maintained; lacks adequate access aisles, lack an accessible route and contain slopes within the

spaces, violating Sections 502 and 502.4 of the 2010 Accessibility Standards, which shall be cured.

(2) Curb ramps provided to access stores at Evergreen Plaza are unsafe for wheelchair users and are not provided in some areas of the center. The curb ramps contain abrupt changes of level, contain cross slopes and slopes beyond the limits, violating Sections 406 and 502.7 of the 2010 Accessibility Standards, which shall be cured.

(3) The exterior accessible route from parking spaces at Evergreen Plaza fails to lead to ramps or curb ramps and was found to contain cross slopes an d abrupt changes of level, those in wheelchairs can be harmed by these conditions, violating Sections 403.4 and 402 of the 2010 Accessibility Standards, which shall be cured.

(4) Evergreen Plaza fails to provide a safe accessible route to the adjacent bus stop, street or sidewalk, violating Section 206.2.1 of the 2010 Accessibility Standards, which shall be cured.

B. **Access to Goods and Services**

(1) La Vita's Pizza and Mount Holly Buffet fail to provide accessible dining tables for those in wheelchairs, violating Section 902 of the 2010 Accessibility Standards, which shall be cured.

(2) Payment counters throughout Evergreen Plaza are mounted beyond the reach of Mr. Maurer and others in wheelchairs, violating Sections 308 and 904 of the 2010 Accessibility Standards, which shall be cured.

C. **Restrooms**

(1) Restrooms at Evergreen Plaza including La Vita's Pizza, Hair Topic, New Millennium Nails and Mount Holly Buffet shall be supplied with fixtures curing inaccessible water closets which lack proper controls and wheelchair maneuvering space violating Section 601 of the 2010 Accessibility Standards.

(2) Restrooms at Evergreen Plaza provide dispensers beyond reach of wheelchair users and are inaccessible to the plaintiff, violating Section 308 of the 2010 Accessibility Standards, which shall be cured.

(3) Lavatories at La Vita's Pizza lack knee clearance and accessibility preventing the plaintiff from freely accessing the lavatory, violating Section 606 the 2010 Accessibility Standards, which shall be cured.

(4) La Vita's Pizza provides restrooms that contain improper centerline for the water closets and flush controls mounted on the wall side, violating Section 604 of the 2010 Accessibility Standards, which shall be cured.

(5) Entering/exiting restrooms in La Vita's Pizza and Mount Holly Buffet at Evergreen Plaza is impeded by improper door hardware and a lack of maneuvering space to enter, violating Section 404 of the 2010 Accessibility Standards, which shall be cured.

4. Such compliance shall take place no more than three (3) months from the date of this judgment and shall be confirmed by Defendant upon its filing a Notice of Compliance with this Court, which Notice shall specifically set forth the rededication undertaken by the Defendant to comply with the ADA. Plaintiff shall have thirty (30) days following the filing of Defendant's Notice of Compliance to object to Defendant's remedial measures taken to comply with the ADA.

5. Plaintiffs shall also recover their attorney's fees, litigation expenses, costs and expert fees from the Defendant and this Court retains jurisdiction for the determination of the amount of the award thereof. In accordance herewith, the Plaintiffs shall file an application for attorney's fees, litigation expenses and costs, and expert's fees to be awarded to Plaintiff, within thirty (30) days hereof, in the format required by Local Civil Rule 54.2. Defendant will have fourteen (14) days thereafter to file any objection to the reasonableness of the requested amounts.

6. The Court shall retain jurisdiction over the above-styled cause solely to enforce compliance with this Judgment; prior to bringing any application to enforce this Judgment, Plaintiffs counsel shall attempt to personally meet and confer with Defendant, or Defendant's counsel if represented, to address the circumstances and obtain reasonable compliance. Also, the Court may

extend the deadlines for compliance for good cause shown upon timely application by Defendant (after Defendant first confers with Plaintiffs' counsel).

7. Immediately upon receipt of this Judgment, the Plaintiffs shall serve a copy, via Certified, Return Receipt Requested U.S. Mail, of this Default Final Judgment upon Defendant, Evergreen I Associates, LLC d/b/a Evergreen Plaza c/o its Registered Agent, Nicholas J. Aynilian, 381 Broadway, Second Floor, Westwood, NJ 07675, and shall certify to this Court that said service has been made or attempted; and

8. To the extent not otherwise disposed of herein, all pending Motions are hereby DENIED as moot.

**ORDERED AND ADJUDGED** in Chambers in Camden, NJ, on this **21st** day of **December**, **2017**.

**s/ Jerome B. Simandle**
JEROME B. SIMANDLE
U.S. District Judge