```
             IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| THE INDEPENDENCE PROJECT, INC., and DENNIS MAURER, | HONORABLE JEROME B. SIMANDLE |
| Plaintiffs, | Civil Action No. 16-6133 (JBS/AMD) |
| v. | |
| EVERGREEN I ASSOCIATES LLC, | **ORDER ON PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS** |
| Defendant. | |

This matter comes before the Court on Plaintiffs' counsel's unopposed First Motion for Attorney Fees [Docket Item 12] following the Court's order granting Plaintiffs' motion for default judgment. [Docket Item 10.] The Court previously ordered that "Plaintiffs shall . . . recover their attorney's fees, litigation expenses, costs and expert fees from the Defendant and this Court retains jurisdiction for the determination of the amount of the award thereof. In accordance herewith, the Plaintiffs shall file an application for attorney's fees, litigation expenses and costs, and expert's fees to be awarded to Plaintiff, within thirty (30) days hereof, in the format required by Local Civil Rule 54.2. Defendant will have fourteen (14) days thereafter to file any objection to the reasonableness of the requested amounts." Id. ¶ 5. Plaintiffs timely complied and served their motion upon Defendant on January 22, 2018

[Docket Item 12], and Defendant failed to object or otherwise respond to this motion.

Even though the application is unopposed, the Court has a duty to assure that the reimbursements that are requested are sufficiently documented and at least minimally reasonable. <u>Bell v. United Princeton Props.</u>, 884 F.2d 713, 719 (3d Cir. 1989); <u>Spectrum Prod. Distribs. v. Fresh Mktg.</u>, 2012 U.S. Dist. LEXIS 86186 (D.N.J. June 20, 2012).

Defendants' local counsel, Keith Harris, requests attorney's fees at a rate of $425 per hour with a billable total of 0.8 hours. [Docket Item 12 at 8-9, 15.] Plaintiff also seeks a total of $3,400 for expert services at $200 per hour for 17 hours, as well as $1,606.25 for costs incurred. <u>Id.</u> at 15.

Plaintiff's additional counsel, John P. Fuller, a member of the Florida Bar, also requests attorney's fees at a rate of $425 per hour with a billable total of 9.7 hours. <u>Id.</u> at 8-9, 15. However, although Mr. Fuller submits that he has been admitted to practice <u>pro hac vice</u> in this matter [Docket Item 12 at 1, 13, 16; Exh. A. at 2], the docket does not reflect such admission, nor the payment of any <u>pro hac vice</u> fee by Mr. Fuller.

Local Civil Rule 101.1(c)(1) provides:

> Any member in good standing of the bar of any court of the United States or of the highest court of any state, who is not under suspension or disbarment by

2

>       any court and is ineligible for admission to the bar
>       of this Court under L.Civ.R. 101.1(b), may in the
>       discretion of the Court, on motion, be permitted to
>       appear and participate in a particular case.

As the Court does not discern from the record of the docket in this case any such motion by Mr. Fuller, his request for fees is denied without prejudice.

Because the Court notes that Mr. Fuller has recently and successfully moved for admission pro hac vice in other similar cases in this District, see, e.g., Maurer v. Manahawkin 2015, LLC, No. 3:17-cv-01881-BRM-TJB, Docket Item 16, and because the apparent failure to file a motion to be admitted pro hac vice may represent an inadvertent oversight by Plaintiffs' counsel, the Court will, at this time, dismiss without prejudice Plaintiffs' motion for attorney fees.

If Plaintiffs re-apply for reimbursement of Mr. Fuller's fees, the Court encourages Plaintiffs' counsel to attend to the standards expressed by the Third Circuit as to when a district court should entertain an application for nunc pro tunc approval of pro hac vice admission. Cf. In re Ark. Co., 798 F.2d 645, 649-50 (3d Cir. 1986)("nunc pro tunc approval [of the appointment of a professional in a bankruptcy case] should be limited to cases where extraordinary circumstances are present. . . . where prior approval would have been appropriate and the

3

delay in seeking approval was due to hardship beyond the professional's control. . . . Such circumstances do not include the mere neglect of the professional who was in a position to file a timely application.") with Ghaleb v. U.S. Ship Mgmt., No. Civ.A. 04-84(JCL), 2005 WL 1225177, at *5 (D.N.J. May 6, 2005)(admitting attorney pro hac vice nunc pro tunc).

Plaintiffs' counsel are also advised to attend, as they prepare their amended petition for fees and costs, to the question of whether Third Circuit precedent allows for the recovery of pro hac vice admission fees as part of an award of costs (compare Kalitta Air L.L.C. v. Cent. Tex. Airborne Sys. Inc., 741 F.3d 955, 957-58 (9th Cir. 2013)(pro hac vice fees not recoverable pursuant to 28 U.S.C. § 1920) and Craftsmen Limousine, Inc. v. Ford Motor Co., 579 F.3d 894, 898 (8th Cir. 2009)(pro hac vice fees are recoverable as costs), with Halley v. Honeywell Int'l, Inc., 861 F.3d 481, 497 n.10, 500-01 (3d Cir. 2017)(remanding award of costs, including pro hac vice fees, for district court to "articulate why the costs were reasonably incurred in the prosecution of the case" "and to address the issue of commingled expenses" without explicitly addressing whether pro hac vice fees are recoverable)), assuming such a fee was in fact (or will in fact be) paid by Plaintiffs' counsel in this case.

4

The Court notes that the fee petition, as presently submitted, appears lacking in substantial information about reasonable market rates in this legal community for cases of this type. See Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990) ("[T]he court should assess the experience and skill of the prevailing party's attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.")(emphasis added).

It is also unclear whether counsel's work is done in this case. After this fee petition was filed, the deadline came for Defendant Evergreen I Associates to file its Notice of Compliance pursuant to the Court's Default Final Judgment filed December 20, 2017. The Defendant's deadline was 90 days after entry of that Order, or March 20, 2018, but no Notice of Compliance has been filed. Whether compliance has been achieved is a relevant factor for consideration of the fee petition, and the Court currently lacks this information. By the same token, it is unclear whether any post-injunction reinspection fee (sought by Plaintiffs in the amount of $750, see Plaintiffs' Application at 13) has actually been incurred to date. A renewed application can clarify this, too.

Given the aforementioned concerns, Plaintiffs may seek to file an amended fee petition within thirty (30) days of the

5

entry of this Order upon the docket. Such petition may only seek fees for services of counsel who are admitted to the bar of this Court, or who shall have been admitted pro hac vice, prior to submission of the renewed petition.

Consequently, for good cause shown,

IT IS this **7th** day of **August**, **2018,** hereby

ORDERED that Plaintiffs' First Motion for Attorney Fees shall be, and hereby is, DISMISSED without prejudice; and it is further

ORDERED that Plaintiffs may submit an Amended Motion for Attorney Fees, along with any such motions and supportive exhibits they find appropriate and in keeping with the issues noted above, within thirty (30) days from the entry of this Order upon the docket.

                                              **s/ Jerome B. Simandle**
                                              JEROME B. SIMANDLE
                                              U.S. District Judge